IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAZI ABDULHAY,      Plaintiff, | : : : |
| v. | : Civil No. 5:22-cv-02066-JMG |
| ERDEM EMIN ABDULHAYOGLU,      Defendant. | : : : : |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                    **October 11, 2022**

**I.    OVERVIEW**

Plaintiff Gazi Abdulhay brings claims against Defendant Erdem Emin Abdulhayoglu. From the face of the Amended Complaint, it is unclear why. Defendant now moves for dismissal. Because Plaintiff does not oppose Defendant's Motion, and because the Amended Complaint fails to allege facts giving rise to a cause of action, and instead rests on vague and conclusory allegations, this Court dismisses Plaintiff's Amended Complaint in its entirety without prejudice.

**II.   BACKGROUND**

Plaintiff, Gazi Abdulhay, filed an initial complaint in the Court of Common Pleas of Lehigh County, Pennsylvania, against Defendant, Erdem Emin Abdulhayoglu, on January 15, 2022. *See* ECF No. 1. Defendant filed a Motion for More Definite Statement on June 2, 2022. *See* ECF No. 5. Thereafter, Plaintiff filed an Amended Complaint on August 17, 2022. *See* ECF No. 9. Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint on September 7, 2022. *See* ECF No. 11. To date, Plaintiff has failed to serve a brief in opposition, and therefore Defendant's

Motion to Dismiss is uncontested.[1]

Plaintiff's Amended Complaint alleges that from 2001 through 2009, Defendant, a relative of Plaintiff, "was working for, or on behalf of, Plaintiff and entities owned and/or operated for his benefit" and "had control over the financial accounts of Plaintiff, the medical practices of Plaintiff and other ancillary businesses." *See* Amended Compl. ¶ ¶ 8, 19, ECF No. 9. "During that time," Plaintiff alleges, "Defendant used that entrustment to engage in various acts which improperly enriched himself and/or persons associated with him to the great financial loss and distress of Plaintiff." *Id* at ¶ 10. The Amended Complaint states that "Defendant knew that Plaintiff, while a successful medical doctor, was not as astute for financial reporting and matters of the type used by Defendant to abscond with funds of Plaintiff and his affiliates." *Id.* at ¶ 16.

The Amended Complaint fails to plead any particular facts as to how Defendant "abscond[e]d with funds of Plaintiff" but rather states a myriad of general conclusory assertions that Defendant's conduct included: "Theft of funds from accounts of Plaintiff…"; "Transfers of funds to persons not authorized to be paid"; "Otherwise causing funds to be expended…not for the purposes approved or intended by Plaintiff"; "Misrepresentation of financial transactions"; and "Such other fraud and deceit as shall be show at the time of trial." *Id.* at ¶ 28.

Plaintiff alleges that these aforementioned "acts by Defendant were concealed from Plaintiff and made in a manner such that the cause of loss, responsible person and method were not known for a long period of time." *Id.* ¶ 12. "On or about March 29, 2019," the Amended Complaint states that "Plaintiff identified the cause of loss and actor, as more fully pleaded herein." *Id.* at ¶ 15. Despite such language, the Amended Complaint does not plead further facts.

---

[1] *See* Local Rule 7.1(c), "[i]n the absence of timely response, the motion may be granted as uncontested."

**III.    CLAIMS**

Plaintiff brings four counts against Defendant. Count One does not reference a cause of action, but states that the actions described in the Amended Complaint "were either undisclosed, or were made under the guise of false premise or through other plan, artifice or scheme to obtain such funds of Plaintiff and his affiliates" and that as a result "of the financial theft, financial misappropriation and other taking or misuse of the funds of Plaintiff and affiliates, Plaintiff was directly and indirectly deprived of their right to such funds." *Id.* at ¶¶ 30-32.

Count Two, titled "Breach of Contract," alleges that Plaintiff "contracted, through controlled entities for Defendant to provide services…includ[ing] financial matters." *Id.* at ¶ 35, 37. Plaintiff alleges "Defendant, contrary to his known terms of employment, used the access and information to the detriment of Plaintiff." *Id.* at ¶ 38. Plaintiff alleges that "Defendant's wrongful acts and his plans, schemes and transfers caused direct loss to Plaintiff, directly and his affiliates, in the minimum amount of $1,100,000.00" and "were breaches of the contractual obligations to Plaintiff." *Id.* at ¶¶ 39-40.

Count Three is titled "Consequential Damages and Loss, Return of Funds and Proceeds and Punitive Damages." *Id.* at ¶ 41. This claim does not state a separate cause of action, but rather asserts consequential and punitive damages totaling in excess of $4.1 million. *Id.* at ¶¶ 46-52.

Count Four is titled "Equitable Relief (in the alternative)" and avers that "[e]quity compels the return to Plaintiff by Defendant of the funds and all profits and proceeds thereof and therefrom" and that the "fair value of the monies taken and all benefits and profits retained is believed to be in excess of $4.1 million." *Id.* at ¶ 62-63.

IV.     **DISUCSSION**

Because Plaintiff does not oppose Defendant's Motion to Dismiss, and Plaintiff's Complaint does not aver sufficient factual allegations to state a claim upon which relief may be granted, the Court dismisses Plaintiff's Amended Complaint in its entirety without prejudice.[2]

    a. **Legal Standard**

Defendant moves to dismiss Plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

---

[2] Defendant also contends dismissal is appropriate on the grounds that all claims asserted in Plaintiff's Amended Complaint are barred by the applicable statute of limitations. *See* ECF No. 11. Typically, whether a plaintiff's claims are barred by the statute of limitations "is addressed at the summary judgment stage or trial." *Kiser v. A.W. Chesterton Co.*, 770 F. Supp. 2d 745, 747 (E.D. Pa. 2011). However, a court may consider the argument on a motion to dismiss "when the statute of limitations bar is apparent on the face of the complaint." *Mumma v. High-Spec, Inc.*, 400 Fed. Appx. 629, 631 (3d. Cir. 2010).

    Here, due largely to the vagueness of Plaintiff's Amended Complaint, it is not entirely apparent on the face of the Amended Complaint that all of Plaintiff's claims are barred by the statute of limitations. Defendant cites the Pennsylvania Supreme Court case of *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237 (Pa. 2021) for the proposition that "the limitations period begins to run when the plaintiff knows she has been injured and that the injury might have been the fault of *some other* person or entity." *See* ECF No. 11 (emphasis in original). While Plaintiff's claims arise out of the Defendant's alleged conduct "from 2001 through 2009," it is not apparent from the face of the Complaint that the Plaintiff knew he was injured, or knew that he was injured at the fault of some other person or entity, prior to "March 29, 2019," which is when Plaintiff contends he first learned of both the *cause* of the loss and the "actor." *See* Amended Compl. ¶¶ 5, 15, ECF No. 9. Moreover, because Plaintiff's allegations are insufficiently vague as to Defendant's conduct and the nature of Plaintiff's loss, it is not clear from the face of the Amended Complaint whether Plaintiff *should have* known about the injury and/or that he was injured at the fault of some other person or entity prior to March 29, 2019. Accordingly, the Court declines to grant dismissal on this basis.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 Fed. Appx. 147, 149 (3d. Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

    b.  **Defendant's Motion is Unopposed**

Plaintiff filed his Amended Complaint on August 17, 2022. *See* ECF No. 9. Defendant timely filed the instant Motion to Dismiss on September 7, 2022. *See* ECF No. 11. Plaintiff failed to file a response or brief in opposition within fourteen (14) days of service of Defendant's Motion to Dismiss, and has indeed failed to file any opposition as of the date of this Opinion, approximately five (5) weeks after Defendant's Motion to Dismiss was served. Therefore, the Court grants Defendant's Motion to Dismiss as unopposed pursuant to Local Rule 7.1(c).[3] Moreover, because Plaintiff's Complaint fails to state a claim upon which relief can be granted, the Court also grants dismissal on this basis.

    c.  **Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted**

"Generally speaking, a complaint that provides adequate facts to establish how, when where, and why will survive a motion to dismiss." *Rubin v. State Farm Mut. Auto. Ins. Co.*, 2No. 10cv1651, 2011 U.S. Dist. LEXIS 1613 at *10 (W.D. Pa. Jan. 7, 2011). Here, Plaintiff's Amended

---

[3] It is within a district court's discretion to grant a motion to dismiss as unopposed pursuant to Local Civil Rule 7.1(c). *See Fleming v. United States VA Med. Ctrs.*, 348 Fed. Appx. 737, 738 (3d. Cir. 2009) (holding "the District Court acted within its authority to dismiss the complaint as unopposed pursuant to the Local Civil Rules" where the district court granted a defendant's motion to dismiss pursuant to Local Rule of Civil Procedure 7.1(c) of the United States District Court for the Eastern District of Pennsylvania after the plaintiff failed to respond after approximately four (4) weeks.); *Kabacinski v. Boston Seating, Inc.*, 98 Fed. Appx. 78 (3d. Cir. 2004).

Complaint rests on vague and conclusory allegations that Defendant engaged in conduct which was "improper, fraudulent, and unlawful." *See* Amended Compl. ¶ 5, ECF No. 9. Plaintiff's Amended Complaint fails to allege a factual course of conduct supporting his conclusory allegations. Plaintiff alleges that Defendant "engage[d] in various acts" causing Plaintiff "great financial loss" but does not allege any facts indicating what these "various acts" are, and how they caused Plaintiff financial loss. *Id.* at ¶ 11. Plaintiff also alleges Defendant engaged in "misrepresentations and other improper, fraudulent and unlawful acts." *Id.* at ¶ 24. Plaintiff fails to aver what statements or conduct by Defendant amounted to these alleged misrepresentations, and, as Defendant's Motion to Dismiss notes, Plaintiff fails to satisfy the "heightened pleading requirements for allegations of fraud" under Federal Rule of Civil Procedure 9(b) which require Plaintiff to "state with particularity the circumstances constituting fraud." *ETC, Int'l, Inc. v. Curriculum Advantage, Inc.*, 272 Fed. Appx. 139, 140 (3d. Cir. 2008).

Count One of Plaintiff's Amended Complaint is untitled and alleges Defendant committed "financial theft, financial misappropriation and other taking or misuse of the funds of Plaintiff and his affiliates." *Id.* at ¶ 31. Plaintiff avers that Defendant committed these wrongdoings but offers no facts to support an inference of such conduct. Plaintiff's general allegations of fraud and theft are not sufficient. *See Smalls v. Buckalew Frizzell & Crevina LLP*, No. 13-4637, 2013 U.S. Dist. LEXIS 164135 at *5-6 (D. N.J. Nov. 19, 2013) (holding complaint's characterization of lawsuit "as fraudulent" was "purely conclusory" where "Complaint alleges no facts to support an inference or fraud" or that defendant "stole, or attempted to steal, anything."). Accordingly, Count One of the Amended Complaint fails to state a claim upon which relief can be granted.

Count Two of Plaintiff's Amended Complaint alleges breach of contract. Amended Compl. ¶ ¶ 34-40, ECF No. 9. Count Two alleges "Plaintiff contracted, through controlled entities, for

Defendant to provide services to Plaintiff and such entities." *Id.* at ¶ 35. Plaintiff does not allege what these services are, nor who the "controlled entities" through which Plaintiff contracted are. Plaintiff contends Defendant breached this contract by "us[ing] the access and information to the detriment of Plaintiff." *Id.* at ¶ 38. Plaintiff does not aver facts to support this conclusory opinion. Plaintiff does not aver the identities of these "controlled entities", the essential terms of the contract, or how the Defendant breached the contract. *See Atl. Holdings, Ltd. V. Apollo Metals, Ltd.*, 265 F. Supp. 3d 526, 530 (E.D. Pa. 2017) ("To state a claim for breach of contract under Pennsylvania law, the plaintiff…must prove: (1) the existence of a contract, including its essential terms; (2) a breach; and (3) resultant damages."). Count Two, therefore, also fails to state a claim upon which relief can be granted.

      Count Three does not state a separate cause of action, but rather asserts consequential and punitive damages totaling $4.1 million. Amended Compl. at ¶ ¶ 46-52, ECF No. 9. Because there appears to be no independent basis for Plaintiff's damages claims, the Court dismisses Count Three along with Count One and Count Two. *See New Skies Satellites, B.V. v. Home2US Commc'ns, Inc.*, 9 F. Supp. 3d 459, 469-70 (D.N.J. 2014) (holding that "[d]amages theories and causes of action are separate concepts which should not be confused"); *Johnson v. State Farm Fire & Cas. Co.*, No. 18-15209, 2019 U.S. Dist. LEXIS 89613 at *5 (D.N.J. May 29, 2019) (holding "claims" for "punitive damages, attorneys' fees, and consequential damages…are not independent 'claims' but simply forms of damages and related costs that may be available if Plaintiff ultimately recovers on an underlying theory of liability.").

      Count Four seeks equitable relief in the alternative. Amended Compl. at ¶ ¶ 53-63, ECF No. 9. Plaintiff's equitable relief claim, though vague, appears to read as a restatement of Plaintiff's damage claims, as Count Four seeks "the return to Plaintiff…of the monies taken and all benefits

and profits retained…in excess of $4.1 million." *Id.* at ¶ ¶ 62-63. As with all other claims in the Amended Complaint, Count Four relies on vague and conclusory allegations that Defendant "intentionally and knowingly abused and misused the powers granted to him for his own personal enrichment and benefit to the detriment of Plaintiff." *Id.* at ¶ 60. Because Count Four fails to aver the factual elements necessary to state a claim for equitable relief, and because Count Four essentially presents a claim for money damages disguised as a claim for equitable relief, the Court dismisses Count Four. *See ITSServe Alliance, Inc. v. Cuccinelli*, 502 F. Supp. 3d 278, 286 (D. D.C. 2020) (dismissing equitable relief claim "seek[ing] compensation for economic losses suffered by the government's alleged wrongdoing" because such claim "is a classic form of money damages.").

## V.   CONCLUSION

Plaintiff's Amended Complaint is dismissed in its entirety as Defendant's Motion to Dismiss is uncontested, and Counts One, Two, Three, and Four do not plead sufficient facts to state a plausible claim for relief. The Court dismisses Plaintiff's Amended Complaint without prejudice, allowing Plaintiff leave to amend his Complaint and add particularized facts concerning Defendant's alleged actions. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge